1
2
3
4
5
6
7

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   JULIE NANETTE LEGGITT ALLEN,                    No. C-06-06153  (EDL)

9            Plaintiff,                              **ORDER GRANTING DEFENDANT'S**
                                                     **MOTION FOR PARTIAL SUMMARY**
10     v.                                            **JUDGMENT; DENYING PLAINTIFF'S**
                                                     **REQUEST FOR CONTINUANCE**
11   CENTILLIUM COMMUNICATIONS, INC.,

12            Defendant.
     _____/
13

14           Defendant Centillium Communications, Inc.'s Motion for Partial Summary Judgment came

15   on for hearing on March 25, 2008.  Having read all the papers submitted and carefully considered

16   the relevant legal authority, the court hereby GRANTS Defendant's motion for the following

17   reasons and for the reasons stated at the hearing.

18   **I.      BACKGROUND**

19           Plaintiff Julie Allen initiated this lawsuit pro se in Superior Court in Alameda.  Defendant

20   removed it to federal court on September 30, 2006.  Plaintiff subsequently obtained an attorney, who

21   filed an amended complaint on Plaintiff's behalf.  Plaintiff's counsel then withdrew.  Shortly

22   thereafter, the parties stipulated to strike Plaintiff's first amended complaint, and the Court

23   reinstated her original complaint on June 26, 2007.  Plaintiff then filed an "amended first amended

24   complaint for damages and equitable relief" on October 4, 2007.

25           In its motion, Centillium moves for summary judgment on Plaintiff's First, Second,

26   Eleventh, Twelfth, Thirteenth, and Fourteenth claims, the claims based on federal and state

27   employment statutes.  Specifically, Centillium argues that Plaintiff's First and Second claims for

28   unpaid wages and overtime under California and Federal law should be dismissed because the

undisputed facts show that Plaintiff was paid all compensation to which she was entitled and that she

was correctly classified as an administrative exempt employee.  Centillium notes that Plaintiff's Eleventh and Thirteenth causes of action for gender and age discrimination fail because Plaintiff has not established a prima facie case of discrimination.  Her Twelfth and Fourteenth claims of harassment based on gender and age fail, according to Defendant, as she admits that none of the alleged acts were sexual in nature nor motivated by gender or age; nor were the complained of incidents sufficiently severe or pervasive to constitute a hostile work environment.

**II.      DISCUSSION**

    **A.      Legal Standard**

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FRCP 56(c).  Material facts are those which may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.  "To show the existence of a 'genuine' issue, . . . [a plaintiff] must produce at least some significant probative evidence tending to support the complaint."  Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir. 1990) (quotations omitted).  The court must not weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial.  Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999).  The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion.  See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

**United States District Court**
For the Northern District of California

**B.** **Defendant's Motion for Partial Summary Judgment**

      1.     First and Second Claims

         a)     Overtime

Plaintiff seems to allege that she was a salaried employee but Centillium incorrectly classified her as non-exempt, so she should have been paid overtime under the California Labor Code and Fair Labor Standards Act.  Complaint ¶ 11.  Plaintiff claims that Defendant owes her over 4400 hours in overtime payments.

The undisputed evidence is that Plaintiff was a salaried employee.  Plaintiff testified that she would never have taken her job if it was not classified as salaried, and her response to this motion acknowledges that she "does not dispute that she should have been classified as salaried, and was paid as if she was salaried."  Allen Depo. at 34; Response at 3:10-11.  Her offer letter shows that Defendant offered and she accepted an annual salary of $37,000.  Jochnowitz Decl., Ex. A (June 15, 1999 Offer Letter).  Her payroll records reflect a salaried base, as does the salary history chart Plaintiff prepared in advance of her deposition.  Jochnowitz Decl., Ex. J; Mayhew Decl., Ex. A.  Plaintiff cites her deposition testimony, in which she stated that "they [Centillium] kept saying they were going to [pay Plaintiff overtime] or they were going to take care of this."  She also stated that Mr. Joseph Androniwitz of Centillium showed her calculations about her pay differential.  Such statements, however, are too vague and inconclusive in the face of the clear undisputed evidence to create a disputed material fact on the issue of whether or not Centillium promised Plaintiff overtime.  Plaintiff also maintains that Defendant treated her as an hourly employee at her termination, based on how she was paid for an exit interview several days after she ended her employment by resigning from Centillium, but that does not bear upon how she should have been paid as an employee during her term of employment.

The related issue of whether or not she was statutorily exempt from overtime may also be determined on summary judgment.  See, e.g., Clark v. United Emergency Animal Clinic, Inc., 390 F.3d 1124, 1128 (affirming summary judgment in favor of employer as veterinarians were exempt from the federal overtime requirements).  Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., an employee qualifies as an exempt administrative employee if she is paid at least

<div style="writing-mode: vertical-rl">**United States District Court**<br>For the Northern District of California</div>

**United States District Court**
For the Northern District of California

$455 per week, performing as her primary duty office or non-manual work directly related to the

management or general business operations of the employer or the employer's customers, and

exercises discretion and independent judgment with respect to matters of significance in carrying out

that duty.  See 29 CFR § 541.200.  Similarly, under the California Labor Code and Industrial

Welfare Commission Wage Order No. 4-2001, an employee is exempt if her duties involve the

performance of office or non-manual work directly related to management policies or general

business operations of the employer or customers, and if she customarily and regularly exercises

discretion and independent judgment.  See, e.g., Combs v. Skyriver Communications, Inc., 159 Cal.

App. 4th 1242, 1254 (2008).[1]

Here, Plaintiff meets the overtime exemption.  Centillium designs and markets integrated

circuits and related hardware and software applications and does not offer financial services.

Plaintiff was not involved in production, but instead worked in the finance department as an

accountant.  Jochnowitz Decl. ¶¶ 2-5.  She therefore was involved in Defendant's management

policies and general business operations.  She also exercised discretion in her job and utilized

independent judgment, as she herself testified that she worked largely independently and had to

make judgment calls about the best way to do things, that she wrote policies and procedures for

Centillium within her first three months there, and that she "had to invent the [accounting] system."

Allen Depo. at 18-25.  In her resume, she represents that she processed payroll in excess of 30

million, trained and supervised personnel, and managed audits.  See Mayhew Decl., Ex. B; Allen

Affidavit, Exs. A-C.  While Plaintiff argues that she has the same title as some other less qualified

individuals who were paid by the hour, she submitted no evidence that those individuals performed

non-exempt work, or that she performed non-exempt work.  Response at 5:11-15.  Plaintiff,

therefore, has not raised a disputed issue of fact as to whether she was an exempt employee.

                                    b)      Other Compensation

Plaintiff also alleges that Centillium failed to pay her appropriate bonuses after she received

Certified Public Accountant ("CPA") status in January 2004, and did not provide her with a

---

[1] As Plaintiff's starting annual salary was $37,000, she meets the minimal salary requirement.
See 8 CCR § 11040.

corporate incentive bonus plan.  Complaint ¶¶ 10-14.  She also claims that Centillium failed to pay her for three intervening days between her resignation and exit interview.  Id. ¶ 8.  Finally, she claims that Centillium informed the Employment Development Department ("EDD") that she was receiving severance pay when she was not, thereby rendering her ineligible for unemployment benefits.  Id. ¶ 9.

It does not appear that  Plaintiff is still pursuing the theory that Defendant failed to adjust Plaintiff's bonuses for her CPA status.  In her response to the summary judgment motion, she states that corporate incentive plan bonuses are not linked to CPA certifications, and that Defendant's policy does not even mention CPA's.  Response at 6:17-19.  Even if Plaintiff is still pursuing this theory, her unsupported allegation that she was issued a certificate from the American Institute of Certified Public Accountants does not create a material disputed fact as to whether or not she is a CPA.  In California, a passing examination is required for a certified public accountant license, and can only be waived for passing certain examinations in other states or territories. Cal. Bus. & Prof. Code §§ 5082, 5082.4, 5082.5.  See also Reply Mayhew Decl. ¶ 3 & Ex. A (defining regular AICPA member as one having passed the CPA exam and certified to practice).  There is no evidence in the record that Plaintiff ever took and passed such an examination.

As to whether Centillium improperly denied Plaintiff a corporate incentive plan bonus, Defendant withdrew its motion as to the portion of claims one and two that relate to the receipt of a June 30, 2006 corporate incentive bonus.  Defendant may, however, raise this issue in a subsequent summary judgment motion.

Plaintiff has not raised a triable issue of fact as to whether she is owed three additional days of pay for the period between her last employment date and her exit interview.  Plaintiff resigned her employment with no prior notice on June 30, 2006, effective immediately.  Jochnowitz Decl. Ex. G.  Under California Labor Code § 202, an employer must pay a quitting employee all wages earned on the employees last date of employment provided that the employee has given the employer at least 72 hours notice.  If the employee has not given such notice, the employer must deliver the employee's final paycheck within three days.  Here, on the same day she resigned, Centillium issued a check to Plaintiff for all outstanding wages, plus accrued paid time off and vacation time.

Jochnowitz Decl., Ex. H.  On July 6, 2008, Plaintiff attended an exit interview, and was issued a check for eight hours pay, plus four hours of PTO and vacation time as compensation for her agreement to attend the exit interview.  Id., Ex. I.  Because Plaintiff's resignation letter gave immediate notice, there is no legal rationale given as to why Centillium was obligated to pay Plaintiff her normal salary after her termination through the time of her exit interview.

Finally, Plaintiff seems to abandon her claim that Centillium told the EDD that she was receiving severance payments, thereby rendering her ineligible for unemployment insurance benefits.  Complaint ¶ 9.  Plaintiff now claims that Centillium told EDD that she resigned voluntarily when she did not, and that she resigned under protest.  According to Plaintiff, Centillium "must have not submitted that resignation letter of Plaintiff's," which indicates that she had good cause to leave the workplace.  There is no factual support, however, for these conclusory allegations, and it appears that this theory is based on Plaintiff's own speculation.  National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997) ("Conclusory allegations of collusion, without factual support, are insufficient to defeat summary judgment.").

Viewing the facts in a light most favorable to Plaintiff, summary judgment is proper as to the first two claims, except with respect to the corporate incentive bonus only.

### 2.      Eleventh Claim (gender discrimination)

Plaintiff claims that Defendant discriminated against her on the basis of her gender, thereby violating California's Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1064 ("Title VII").  A plaintiff claiming gender discrimination must show: (1) that she belongs to a protected group; (2) that she applied for and was qualified for a job for which the employer was seeking applicants; (3) that, despite her qualifications, she was rejected; and (4) that, after her rejection, the position remained open and the employer continued to seek applicants from persons of her qualifications.  Hagans v. Clark, 752 F.2d 477, 481 (9th Cir. 1985).[2]  The fourth prong of this test can be met by showing that Centillium hired a similarly qualified male and that it was more likely than not that the employment decision was based on gender.  Id.  As Defendant

---

[2] California courts look to federal law on Title VII discrimination claims to interpret analogous provisions of FEHA.  Mixon v. Fair Employment and Housing Comm'n., 192 Cal. App. 3d 1306, 1316-17 (1987).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  concedes, applying for a promotion is not necessary if the employer does not notify employees of

2  available promotions or provide a formal mechanism to apply for promotions.  Dews v. A.B. Dick

3  Co., 231 F.3d 1016, 1022 (6th Cir. 2000).

4        Here, Plaintiff alleges that she was passed over for promotion because of her gender.  In

5  particular, she notes that she probably should have been given Swami Kavesseri's job; that she was

6  passed over in favor of Joseph Andronowitz because he had his CPA and because the CEO preferred

7  working with men; that Mr. Kavesseri was promoted ahead of her, and because the company failed

8  to announce or publicize that opening, Plaintiff did not apply for it; and that male co-workers

9  Soohoo and Baun, who had less education, weaker performance reviews, and poor attendance, were

10 promoted.  Plaintiff also notes that many at the company have noted the preference for men in

11 positions of responsibility.  Plaintiff alleges these facts in her response, but does not provide

12 evidentiary support for them in her affidavit or otherwise.  See Response at 11.  The absence of

13 evidence by itself would justify summary judgment.

14       Furthermore, none of these statements, even if they were in Plaintiff's affidavit, are

15 sufficiently specific and non-speculative to defeat summary judgment.  For example, Plaintiff does

16 not describe the positions that Soohoo and Buan  were promoted to, describe their qualifications, or

17 describe her qualifications for those positions.  As for Mr. Andronowitz's promotion, Plaintiff does

18 not state who made the statement about the CEO's preference for working with men or whether it

19 was based on anything other than speculation.  Furthermore, any challenge to Mr. Kavasseri;s

20 promotion on May 12, 2003 is time barred.  Plaintiff's administrative complaint was filed October

21 18, 2006, more than one year after the alleged unlawful practice.  See 42 U.S.C. § 2000e-5(e)(1)

22 (300 days deadline); Balloon v. Super. Ct., 39 Cal. App. 4th 1116, 1120 (1995) (one year deadline);

23 Jochnowitz Reply Decl. ¶ 2; Complaint ¶¶ 70, 84.  Summary judgment is therefore proper as to this

24 claim.

25              3.       Twelfth Claim (sexual harassment)

26       Plaintiff alleges that she suffered sexual harassment and was subject to a hostile work

27 environment in violation of FEHA and Title VII.  To prove that a hostile work environment existed,

28 a plaintiff must show that: "1) she was subjected to verbal or physical conduct of a sexual nature, 2)

7

1   this conduct was unwelcome, and 3) the conduct was 'sufficiently severe or pervasive to alter the

2   conditions of the victim's employment and create an abusive working environment.'" <u>Fuller v. City</u>

3   <u>of Oakland</u>, 47 F.3d 1522, 1527 (9th Cir. 1995) (citations omitted).  The working environment must

4   be perceived as abusive both subjectively and objectively (from the perspective of a reasonable

5   person with the same fundamental characteristics).  Hostility is based on the totality of the

6   circumstances.  In addition, an employer is only liable for failing to remedy harassment of which it

7   knows or should know.  <u>Id</u>.  "To violate Title VII on the basis of sex, the verbal or physical conduct

8   must be either sexual in nature or perpetrated because of the recipient's gender."  <u>Davis v. California</u>

9   <u>Dep't of Corrections</u>, 1996 U.S. Dist. LEXIS 21305 (E.D. Cal. 1996); <u>see also Miller v. Department</u>

10  <u>of Corrections</u>, 36 Cal. 4th 446, 462 (2005) ("to prevail [on a FEHA claim], an employee claiming

11  harassment based upon a hostile work environment must demonstrate that the conduct complained

12  of was severe enough or sufficiently pervasive to alter the conditions of employment and create a

13  work environment that qualifies as hostile or abusive to employees because of their sex").

14       Plaintiff testified that no one at the company ever made a sexual comment or a  sexual joke

15  to her or made a sexual pass at her.  <u>Id</u>. at 100-02.  The only specific incident of sexual harassment

16  that Plaintiff argues in her papers is a hug by her then supervisor Linda Reddick.  She states that the

17  hug was unwelcome, but that it was not sexual in nature.  Allen Depo. at 103-104.  She also alleged

18  in her deposition that Linda Reddick borrowed documents from her work station and did not return

19  them, and that Linda Berns took Plaintiff's files, put her own name on Plaintiff's work, borrowed

20  Plaintiff's financial paperwork, and raised her voice at her about an audit while approximately six

21  inches from Plaintiff.  Allen Depo. at 116-128.  Plaintiff did not perceive this latter interaction to be

22  sexual in nature.  <u>Id</u>. at 130.  Nor did she perceive that taking things from her workstation was

23  sexual in nature.  <u>Id</u>. at 117

24       None of these acts were sexual in nature or perpetrated because of Plaintiff's gender.

25  Because there are no facts in the record that would give rise to such an inference, summary judgment

26  is proper on this claim.

27            4.      Thirteenth Claim (age discrimination)

28       Plaintiff alleges that Centillium violated the Age Discrimination in Employment Act, 29

United States District Court
For the Northern District of California

U.S.C. § 621 et seq. ("ADEA") and FEHA by discriminating against her because of her age. "Generally, to establish a prima facie case of an ADEA violation, the plaintiff must show he was: (1) a member of a protected class [age 40-70]; (2) performing his job in a satisfactory manner; (3) discharged [or subject to another adverse employment action]; and (4) replaced by a substantially younger employee  with equal or inferior qualifications." Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994).  Similarly, under FEHA, the plaintiff generally  must provide evidence that "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." Guz v. Bechtel National, Inc., 24 Cal. 4th 317, 355 (2000).

Plaintiff does not identify any specific incidents of age discrimination.  She once spoke with Joseph Andronowitz about the fact that he was younger than she was, and he stated that people did not notice Plaintiff's age.  Allen Depo. at 132.  Bruce Neushwander once stated that Plaintiff's age was a positive attribute because it made her a more independent and self-sufficient worker.  Id. at 131-32.  Joseph Andronowitz also stated that other people at Centillium (including board members) made comments about people in a certain age bracket receiving promotions.  Id. at 135-36.  There is no evidence that these vague, secondhand comments (even if not inadmissible hearsay) are linked to any decision related to an adverse employment action, such as a failure to promote Plaintiff.  Her claim fails for the same reason that her gender discrimination fails, as she does not present any evidence that she was specifically qualified for any specific promotions which other individuals received.  Insofar as she argues that Kavasseri's promotion exhibits age discrimination, that claim is time-barred as discussed above.  Summary judgment is therefore proper as to this claim, as Plaintiff failed to submit the minimal evidence required to establish a prima facie case.

5.       Fourteenth Claim (age harassment)

In her complaint, Plaintiff alleges that Centillium subjected her to harassment or a hostile work environment on account of her age, but Plaintiff makes no argument concerning her age-based harassment claim in her papers.  As for any derogatory comments about her age, Plaintiff testified that Linda Berns and Linda Reddick never made any comments about her age.  Allen Depo. at 131.

Joseph Andronowitz never harassed her about her age. Id. at 133.  Bruce Neushcwander and Joseph

Andronowitz made neutral or positive comments about her age. Id. at 132.  Although Plaintiff refers

to comments by unspecified board members to Joseph Andronowitz about people of a certain age

receiving promotions, she could not testify in any more detail about the comments.  Id. at 133-136.

This evidence of, at most, isolated stray remarks is insufficient to give rise to a triable issue of fact

regarding hostile work environment or harassment based on age.

## C.     Plaintiff's Motion for Continuance

Plaintiff separately filed a "motion for continuance and to move forward to discovery and

trial."  However, Plaintiff does not articulate what discovery she has sought but has not obtained, nor

has she provided any specific reasons for a continuance.   Liberally construing Plaintiff's motion as

a request under Federal Rule of Civil Procedure 56(f) to postpone summary judgment ruling until

additional discovery has taken place does not help Plaintiff:

> The burden is on the party seeking additional discovery to
> proffer sufficient facts to show that the evidence sought exists,
> and that it would prevent summary judgment.  Moreover, the
> district court does not abuse its discretion by denying further
> discovery if the movant has failed diligently to pursue discovery
> in the past.  Stated another way, we will only find that the district
> court abused its discretion if the movant diligently pursued its
> previous discovery opportunities, and if the movant can show
> how allowing additional discovery would have precluded
> summary judgment.

Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 (9th Cir. 2001) (internal citations omitted).

Here, Plaintiff has not shown specifically what additional discovery would preclude summary

judgment, nor has she been diligent.  Plaintiff has not served any discovery requests or sought

depositions in any way.  Mayhew Reply Decl. ¶ 5.  On January 23, 2008, Mr. Mayhew e-mailed

Plaintiff to inform her that Defendant  would not be taking her discovery for her, and that if she

wanted to pursue her own discovery, she needed to do so.  Id., Ex. C.  The Court notified her of her

duty to take her own discovery rather than rely on Defendant in its January 28, 2008 Order.  While

Plaintiff stated that she did not receive that Order at the hearing, she also acknowledged that she was

aware that she needed to conduct her own discovery.  She blamed her failure to take depositions on

her difficulties in obtaining a court reporter and a facility for conducting the depositions.  However,

**United States District Court**
For the Northern District of California

1   this does not explain why Plaintiff did not seek other forms of discovery.  The Court has construed

2   Plaintiff's pleadings "liberally in [her] favor," but pro se litigants "are bound by the rules of

3   procedure."  <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995).  And while the Court sympathizes

4   with the difficulties Plaintiff faces in proceeding pro se, it is still Plaintiff's burden to pursue her

5   own discovery.

6   **III.    CONCLUSION**

7          In accordance with the foregoing, Defendant's Motion for Partial Summary Judgment is

8   GRANTED.  Plaintiff's first and second claims are dismissed except insofar as such claims are

9   based on the corporate incentive bonus as discussed above.  Plaintiff's eleventh through fourteenth

10  claims are dismissed.  Plaintiff's Motion for Continuance is DENIED.

11  Dated: April 3, 2008

12

13  *Elizabeth D. Laporte*
    _____
14  ELIZABETH D. LAPORTE
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California