IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE NANETTE LEGGITT ALLEN, | No. C-06-06153 (EDL) |
|     Plaintiff, | **ORDER REGARDING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDERS** |
| v. | |
| CENTILLIUM COMMUNICATIONS, INC., | |
|     Defendant. | |

On May 22, 2008, this Court granted Centillium Communications Inc.'s second motion for partial summary judgment, disposing of Plaintiff Julie Nannette Leggitt Allen's remaining claims in this case. The Court subsequently entered judgment disposing of Plaintiff's claims with prejudice. In response, Plaintiff filed an objection to the "rulings of this courtroom" on the grounds that a magistrate judge is not permitted to issue orders in this case, but must instead prepare a report and recommendation for the referring judge.[1] This belated filing is the first time in twenty months of litigation that Plaintiff claimed that she had not consented to proceed before a magistrate judge.

Plaintiff's objection is without merit. First, Plaintiff expressly consented to this Court's jurisdiction through counsel. Plaintiff's prior counsel consented on Plaintiff's behalf when the parties filed their initial case management statement on February 28, 2007. Prior to filing that statement, the parties received a standing order which directed them to confer about the matters contained in an attached proposed joint case management order, which asked the parties to

---

[1] Plaintiff relied on Federal Rule of Civil Procedure 72(b), which does not apply where the parties consented to proceed before a magistrate judge. Federal Rule of Civil Procedure 73 provides that when all parties consent, a magistrate judge may exercise the authority provided by 28 U.S.C. § 636(c) and may conduct all proceedings in a civil case.

specifically state whether they consented to the assignment of a magistrate judge for trial.[2] Thus, the case management process provided notice to the parties that proceeding before the magistrate judge was optional and directed the parties to indicate whether they consented in the case management statement. The parties then filed a case management statement signed by counsel for all parties in this case, and noted that "[t]he parties consent to having Magistrate Judge Elizabeth Laporte hear this case for trial."

In order to be effective, a party's consent need not follow a specific form or be express, so long as the party's consent is voluntary. See Roell v. Withrow, 538 U.S. 580, 586-87 (2003). Plaintiff consented to this Court's jurisdiction, via her counsel, in the February 28, 2007 case management statement. This consent was more than adequate. See, e.g., Woo v. City of New York, 1997 WL 277368 (S.D.N.Y. 1997); Frank v. County of Hudson, 962 F. Supp. 41, 43 (D.N.J.1997) ("[T]he general rule that an attorney has the authority as an agent to bind a client on actions taken within the scope of the attorney's authority applies, and an attorney's consent to proceed before a magistrate judge is sufficient under the statute."); Lakeside Feeders, Ltd. v. Chicago Meat Processors, 31 F. Supp. 2d 1082, 1084 n.3 (N.D. Ill. 1999) (finding that party was bound by the acts of the attorney as his agent where attorney consented in pretrial statement). Furthermore, Plaintiff's counsel "presumptively [knew] what [Federal] Rule [of Civil Procedure] 73(b) says." Anderson v. Woodcreek Venture, 351 F.3d 911, 916 (9th Cir. 2003). While the Deputy Clerk sent a letter to Plaintiff dated March 14, 2008, requesting that Plaintiff file the separate form indicating her consent, this separate form was not required, as Plaintiff had already previously consented to have this Court resolve her case through trial when she was represented by counsel.

Second, Plaintiff also consented by her conduct in submitting matters to this Court for decision on their merits. The Supreme Court has explicitly found that a party may signal her consent to a magistrate judge's authority through actions, such as by participating in the litigation after receiving notice of the right to refuse consent to hearing by a magistrate judge. Roell, 538 U.S. at 590. Here, after Plaintiff's counsel submitted a case management statement specifically

---

[2] In addition, this Court's standing order, available on the court's website, directs the parties to indicate their consent or lack thereof to proceeding before a magistrate judge.

2

consenting to the hearing of this case by this Court, Plaintiff continued to participate in the litigation without objection for sixteen months, by filing multiple pleadings and appearing before the Court on numerous occasions. At no time did Plaintiff object to this Court's jurisdiction prior to the Court's *second* ruling against her on partial summary judgment and entry of judgment against her. This case, therefore, differs significantly from Anderson, in which the Ninth Circuit remanded to the district court to determine if consent was voluntary, because plaintiffs had repeatedly filed pleadings objecting to the magistrate judge's jurisdiction, and only after the district court judge denied "Plaintiff's Motion to Deny Magistrates [sic] Jurisdiction" did plaintiffs finally file a written consent, perhaps believing they had no choice. See Anderson v. Woodcreek Venture, 351 F.3d at 913. Here, by contrast, Plaintiff continued to appear before the Court after her attorney withdrew without ever indicating any objection to magistrate judge jurisdiction, months after receiving the clerk's letter. Like the parties in Roell, Plaintiff was aware that she could seek reassignment. She acknowledged that at least as of March 2008, she was personally aware that her consent was needed in order for this Court to have jurisdiction over her case. See June 2, 2008 Objection; Roell, 538 U.S. at 586. However, she chose to wait for the Court to issue its determination on dispositive motions before raising any objection, which Plaintiff may not do. See Roell, 538 U.S. at 590 (noting that inferring consent where petitioner knew of right to object minimizes risk of gamesmanship by depriving the parties of the luxury of waiting for an outcome before challenging the magistrate judge's authority).

Accordingly, Plaintiff's objection is OVERRULED.

**IT IS SO ORDERED.**

Dated: June 17, 1008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3